UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| MICHAEL A. HOLLON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | 1:04-cv-1264-SEB-VSS |
| | ) | |
| PRISON HEALTH SERVICES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Discussing Motion for Summary Judgment**

Defendant Rieger seeks resolution of plaintiff Hollon's Eighth Amendment claim of denial of adequate medical care at an Indiana prison through the entry of summary judgment. Dr. Rieger argues first that Hollon did not exhaust administrative remedies with respect to such claim, and secondly that Dr. Rieger did not participate in the decision to disapprove a recommended course of action (surgery) to reduce Hollon's hernia. The other defendants, referred to in this Entry as "the PHS defendants" (referring to Prison Health Services and to defendants associated with that company), have joined in Dr. Rieger's motion for summary judgment insofar as it asserts Hollon's failure to exhaust administrative remedies. Hollon has opposed the effort to resolve his claims through the entry of summary judgment.

**Discussion**

The purpose of summary judgment is to "pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Advisory Committee Note to 1963 Amendment of **FED.R.CIV.P.** 56(e) (quoted in *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). A court will grant summary judgment if "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Scott v. Edinburg,* 346 F.3d 752, 755 (7th Cir. 2003) (quoting **FED.R.CIV.P.** 56(c) and citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986)). The court must "construe all facts in a light most favorable to . . . the party opposing summary judgment, and . . . draw all reasonable inferences in his favor." *McGreal v. Ostrov,* 368 F.3d 657, 672 (7th Cir. 2004) (citation omitted). "'In the light most favorable' simply means that summary judgment is not appropriate if the court must make 'a choice of inferences.'" *Draghi v. County of Cook,* 184 F.3d 689, 691 (7th Cir. 1999) (quoting *Smith v. Severn,* 129 F.3d 419, 425 (7th Cir. 1997)). However, the nonmoving party bears the burden of coming forward with specific facts from the record which show a genuine issue of material fact. *Morfin v. City of E. Chi.,* 349 F.3d 989, 997 (7th Cir. 2003) (citation omitted). "It is a well-settled rule that a party opposing a summary judgment motion must inform the trial judge of the reasons, legal or factual, why summary judgment should not be entered." *Liberles v. County of Cook,* 709 F.3d 1122, 1126 (7th Cir. 1983).

The Prison Litigation Reform Act requires that a prisoner exhaust his administrative remedies before bringing a suit concerning prison conditions under 42 U.S.C. § 1983. 42 U.S.C. § 1997e(a); *Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). This requirement applies to the treatment alleged by Hollon in his complaint. *Id.* at 532 (the exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.").

"In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'" *Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)). When applicable, the failure to exhaust available administrative remedies requires dismissal of a claim without reaching the merits. *Perez v. Wisconsin Dept. of Corrections,* 182 F.3d 532, 535 (7th Cir. 1999).

The Prison Litigation Reform Act does not define "available." The Eighth Circuit has stated that "the plain meaning of the term 'available' is 'capable of use for the accomplishment of a purpose: immediately utilizable . . . accessible.'" *Miller v. Norris,* 247 F.3d 736, 739 (8th Cir. 2001) (quoting *Webster's Third New International Dictionary* 150 (1986)). Hollon has opposed the defendants' failure-to-exhaust arguments by stating, under oath, that he failed to complete each step of the grievance process only because the forms required for him to do so were not available to him. Without the forms, of course, the process was not available to him and the exhaustion requirement is not an impediment to the further consideration of his claim. *Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004); *Lewis v. Washington,* 300 F.3d 829, 833 (7th Cir. 2002). Where administrative remedies are unavailable, they are deemed exhausted for purposes of § 1997(e)(a). *Id.* at 833. Because that is the case here, at least construing the evidentiary record in the manner most favorable to Hollon as non-movant, the motion for summary judgment is **denied** insofar as it rests on the argument that Hollon failed to comply with the exhaustion requirement of 42 U.S.C. § 1997e(a) prior to filing this lawsuit.

Dr. Rieger's further argument, however, is undisputed by Hollon, meaning that Dr. Rieger did not make the decision in early 2004 that Hollon's hernia would not be treated with surgery. The absence of his personal involvement in this decision entitles him to summary judgment, for "'[a]n individual cannot be held liable in a [42 U.S.C.] § 1983 action unless he caused or participated in [the] alleged constitutional deprivation.'" *Starzenski v. City of Elkhart*, 87 F.3d 872, 879 (7th Cir. 1996) (*quoting Wolf-Lillie v. Sonquist,* 699 F.2d 864, 869 (7th Cir.1983)). See *Sanville v. McCaughtry,* 266 F.3d 724, 734 (7th Cir. 2001) (discussing the requirement of a defendant's personal responsibility to support a viable claim under § 1983 and quoting the requirement of *Farmer v. Brennan,* 511 U.S. 825, 843-44 (1994), that an official be aware of facts supporting inference of substantial risk of harm and that he actually draw the inference).

On the basis of the foregoing, therefore, the motion for summary judgment is **denied** insofar as it rests on the argument that Hollon failed to comply with the exhaustion requirement of the Prison Litigation Reform Act prior to filing this lawsuit and is **granted** insofar as Dr. Rieger argues in the alternative that he is entitled to summary judgment based on his lack of personal involvement in the medical decision which forms the basis of the claim against him. The parties shall have **through June 21, 2006,** in which to file any further motion for summary judgment. No partial final judgment shall issue at this time as to the resolution of the claim against Dr. Rieger.

**IT IS SO ORDERED**.

Date: 04/25/2006

*[signature]*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Michael A. Hollon, DOC #8210, Pendleton Correctional Facility, P.O. Box 30,
    Pendleton, IN  46064
Roger Kanne, ZEIGLER COHEN & KOCH, rkanne@zcklaw.com
Andrew Ryzard Bloch, ZEIGLER COHEN & KOCH, abloch@zcklaw.com
Thomas D. Quigley, INDIANA STATE ATTORNEY GENERAL, tquigley@atg.state.in.us